**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRITTANY MCFADDEN and MARC MCFADDEN, | Case No.: 2:24-cv-02322-APG-BNW |
| Plaintiffs | **Order Remanding Case for Lack of Subject Matter Jurisdiction** |
| v. | |
| LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, | |
| Defendant | |

I previously ordered defendant Liberty Mutual Personal Insurance Company to show cause why this case should not be remanded for lack of subject matter jurisdiction because Liberty had not offered sufficient facts to support the court's exercise of jurisdiction. The complaint states that in 2024, the plaintiffs sent separate demand letters showing Marc McFadden's past and future medical expenses totaling $46,978, while Brittany McFadden's past and future medical expenses totaled $29,000. ECF No. 1-1 at 4. The complaint refers to the tortfeasor as "underinsured," not uninsured. But neither the complaint nor Liberty's removal petition identified the amount the plaintiffs recovered from the tortfeasor.

Liberty responded to the order to show cause by stating that the tortfeasor had an insurance policy with State Farm that had limits of $25,000 per person, $50,000 per accident. ECF No. 17-2 at 2. Liberty is aware that State Farm tendered Marc McFadden $25,000 but could not confirm whether that money has been paid. *Id.* Nor could Liberty confirm whether State Farm had paid Brittany McFadden any amount. *Id.* As a result, Liberty has not met its burden of showing that the amount in controversy has been satisfied because it is possible that

each plaintiff has already been paid $25,000 from the tortfeasor's insurer.  Accordingly, I cannot exercise subject matter jurisdiction in this action.

I THEREFORE ORDER that this action is remanded to the state court from which it was removed for all further proceedings.  The clerk of court is instructed to close this case.

DATED this 22nd day of January, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE